TSM AM–FM TV, a/k/a KTSM TV Channel 9, a/k/a TSM TV Channel 9, a/k/a TSM AM Radio 1380, a/k/a Tri–State Broadcasting Company, Inc., Appellant,

v.

MECA HOMES, INC. and Mell Mashburn, Appellees.

No. 08–96–00474–CV.

Court of Appeals of Texas, El Paso.

March 27, 1998.

Rehearing Overruled May 5, 1998.

---

Richard Munzinger, J. L. Jay, Scott, Hulse, Marshall, Feuill, Finger & Thurmond, El Paso, for Appellant.

Michael R. 'Mickey' Milligan, El Paso, for Appellees.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### *OPINION*

CHEW, Justice.

This is an interlocutory appeal from an order denying Tri–State Broadcasting Company, Inc.'s ("Tri–State") motion for summary judgement. Meca Homes, Inc. ("Meca") and Mell Mashburn ("Mashburn") also appeal from the denial of their motion for partial summary judgment.

On June 28, 1994, a large rock wall being built by Meca and Mashburn collapsed. Three workers, a cement truck, large boulders, and other debris tumbled down the hillside and into the backyards of Mr. Mashburn's neighbors. Initial reports in the media stated that Meca and Mashburn had built the wall thirty feet higher than their city building permit allowed. Tri–State broadcast six separate reports in which it reported that: (1) Meca and Mashburn were only permitted to build a ten foot retaining wall; (2) Meca and Mashburn illegally built a forty foot wall; (3) criminal charges would probably, would likely, or could be brought against Meca and Mashburn; (4) the City of El Paso officials planned to press charges; (5) the City of El Paso filed a complaint against Meca and Mashburn; and (6) Meca and Mashburn could be fined up to $2,000 per day until the remaining portions of the wall were torn down. In the weeks that followed, Meca and Mashburn apparently produced a permit for the wall that had collapsed. The wall had been constructed within the parameters of the permit. The City of El Paso declined to pursue any legal action. Meca and Mashburn brought this libel suit against Tri–State seeking damages for Tri–State's broadcast of the alleged defamatory statements. The trial court denied both parties' motions for summary judgment. Tri–State brings this interlocutory appeal of the trial court's denial of summary judgment. Meca and Mashburn cross-appeal, complaining that the trial court should have granted their motion for partial summary judgment.

■ First, we consider our jurisdiction over Meca and Mashburn's cross-appeal. Meca and Mashburn complain that the trial court denied their motion for partial summary judgment. Courts of appeals do not have jurisdiction to hear appeals from interlocutory orders, unless specifically authorized by statute. *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *see also New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex.1990); *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944). The 1993 version of Section 51.014 of the Civil Practice and Remedies Code authorized an interlocutory appeal in only six instances: (1) appointment of a receiver or a trustee; (2) overruling a motion to vacate an order that appoints a receiver or a trustee; (3) certification or refusal to certify a class; (4) granting or refusing to grant a temporary injunction; (5) denial of a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state, or a political subdivision of the state; and (6) denial of a motion for summary judgment based in whole or in part on a claim against or defense by a member of the electronic or print media that arises under the First Amendment to the United States Constitution, Article I, § 8 of the Texas Constitution, or Chapter 73 of the Civil Practice and Rem-

edies Code.[1] Act of May 22, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993 TEX.GEN.LAWS 3365–66 (amended 1997)(current version at TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(a)[Vernon Supp.1998] ). *See also Markel v. World Flight, Inc.,* 938 S.W.2d 74, 78 (Tex.App.—San Antonio 1996, no writ). Neither party has addressed this issue in their briefs. We can only assume that Meca and Mashburn have relied on the prior version of Section 51.014(6) to provide this Court with jurisdiction to hear their cross-appeal.

Meca and Mashburn's reliance on the statute, however, suggests that they believe that jurisdiction exists because their claims are against a member of the electronic media. That is, they must believe that they can appeal the denial of summary judgment by interlocutory appeal because the trial court denied their partial summary judgment in a defamation suit against a member of the media. While that is indeed an avenue of interpretation, the legislative history of the statute reveals that Section 51.014(6) was not intended to inure to the benefit of a plaintiff who claimed to have been libeled or slandered by the media. The purpose of the section was to allow a newspaper, radio station, or television station that was sued for libel to make an immediate appeal of a judge's refusal to grant a summary judgment. By providing for an interlocutory appeal, Section 51.014(6) permitted the courts to sort out unmeritorious libel cases before the cases entered the time-consuming and expensive trial phase. HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 76, 73rd Leg., R.S. (41). Even if we were to find that Meca and Mashburn could appeal, the grounds for summary judgment that they relied upon do not meet the requirements of Section 51.014(6). Meca and Mashburn's grounds for summary judgment were not based on either the First Amendment to the United States Constitution, Article I, § 8 of the Texas Constitution, or Chapter 73 of the Civil Practice and Remedies Code. We can find no authority that would confer jurisdiction upon this Court to hear Meca and Mashburn's cross-appeal. *See Rogers v. Cassidy,* 946 S.W.2d 439, 443 (Tex.App.—Corpus Christi 1997, no writ).

Because Section 51.014(6) did not provide jurisdiction over Meca and Mashburn's interlocutory appeal, we dismiss their cross-points of error. We proceed with consideration of Tri–State's appeal.

Tri–State appeals the trial court's denial of its motion for summary judgment. In three separate points of error, Tri–State argues that it was entitled to summary judgment because (1) the alleged defamatory statements were true or substantially true, (2) Meca and Mashburn were public figures or limited purpose public figures and there is no evidence of actual malice, and (3) the reports concerned a topic of public concern and there is no evidence of actual malice. The standards for reviewing the denial of a motion for summary judgment are well established. As mandated by the Texas Supreme Court, they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). In other words, the issue on appeal is not whether the non-movant raised a material issue of fact precluding summary judgment, rather, the issue is whether the movant proved it was entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828–29 (Tex.1970). To prevail on summary judgment, Tri–State, as defendant and movant, must establish as a matter of law all the elements of an affirmative defense or show that at least one element of the plaintiff's cause of action has been conclusively estab-

---

1. We note that the current version of Section 51.014 authorizes an interlocutory appeal in eight instances. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(Vernon Supp.1998).

lished against the plaintiff. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Gibbs,* 450 S.W.2d at 828. When, as in this case, the trial court does not specify the grounds upon which it based its ruling, the denial of summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Simmons v. Ware,* 920 S.W.2d 438, 443 (Tex.App.—Amarillo 1996, no writ). A summary judgment for Tri–State disposing of the entire case is proper only if, as a matter of law, Meca and Mashburn could not succeed upon any theories pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

■ In its first point of error, Tri–State argues that the trial court should have granted summary judgment because the alleged defamatory statements were true or substantially true. Truth, or substantial truth, is an absolute defense to a libel action. TEX.CIV. PRAC. & REM.CODE ANN. § 73.005 (Vernon 1997); *McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex.1990). In reviewing the denial of summary judgment, this Court must identify the actionable assertion of fact and test it for its truth or substantial truth using the test articulated in *McIlvain. McIlvain,* 794 S.W.2d at 15. The *McIlvain*test requires us to consider whether, in the mind of the average reader or listener, the allegedly defamatory statement was more damaging to Meca and Mashburn's reputations than a truthful statement would have been. We look to the gist of the broadcast as a whole and disregard any variance regarding items of secondary importance. *Id.* at 16.

Reviewing the broadcasts complained of by Meca and Mashburn, we cannot say that they are either true or substantially true as a matter of law. In each of the broadcasts complained of, Tri–State made factual assertions that Meca and Mashburn had built a wall thirty feet higher than their city permit allowed. During its 6 p.m. broadcast on July 8, 1994, Tri–State stated, "the wall was illegal because it was too tall." The gist of each of these broadcasts is that Meca and Mashburn illegally built a forty foot wall. Taking evidence favorable to the non-movants as true, it appears that Meca and Mashburn built the retaining wall within the parameters of the revised permit issued by the city. Thus, under the applicable standard of review, we must consider the wall to have been legally built. Considering the fact that Meca and Mashburn were professional home builders, the false statements broadcast by Tri–State would certainly seem more harmful to Meca and Mashburn's reputations than truthful statements would have been.

Tri–State argues that this result will cause a "chilling on the flow information that the First Amendment abhors." They argue that no reporter would feel safe reporting on the pendency of an on-going investigation until either the grand jury indicts or a jury convicts. We do not agree. There is a remarkable difference in reporting that law enforcement officials are investigating a matter and reporting that a particular person has committed a crime. Tri–State's failure to take note of this distinction is one reason this action has arisen. Tri–State did not say that city officials were investigating whether Meca and Mashburn had acquired the necessary permits to legally build the wall. Rather, Tri–State made bold assertions of fact stating that Meca and Mashburn had illegally built the wall much higher than their city permits allowed.

Because Tri–State has asked us to render only on the entire case, we need not address the truth or falsity of the remaining statements. We find that Tri–State's summary judgment evidence failed to establish the truth or substantial truth of the statements as a matter of law. Accordingly, we overrule Tri–State's first point of error.

■ In its second point of error, Tri–State complains that the trial court should have granted summary judgment because Meca and Mashburn were public figures and no evidence of actual malice was produced. Whether an individual is a public figure is a matter of law for the court to decide. *Trotter v. Jack Anderson Enters., Inc.,* 818 F.2d 431, 433 (5th Cir.1987). The United States Supreme Court has identified two classes of public figures in addition to government officials: general-purpose and limited-purpose public figures. *Id.*General-purpose public figures are those individuals who achieve

such pervasive fame or notoriety that they become a public figure for all purposes and in all contexts. *Id. See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351, 94 S.Ct. 2997, 3013, 41 L.Ed.2d 789 (1974). Such persons have assumed so prominent a role in the affairs of society that they have become celebrities. *Trotter,* 818 F.2d at 433. Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be characterized as a general-purpose public figure. *Id. Gertz,* 418 U.S. at 352, 94 S.Ct. at 3013. Tri–State has presented no evidence to establish that either Meca or Mashburn are general-purpose public figures. Thus, if Meca and Mashburn are public figures, they must be limited-purpose public figures.

In *Trotter,* the Fifth Circuit Court of Appeals articulated a three-part test to determine whether a plaintiff in a defamation action is a limited-purpose public figure.[2] First, the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution. Second, the plaintiff must have more than a trivial or tangential role in the controversy. Third, the alleged defamation must be germane to the plaintiff's participation in the controversy. *Trotter,* 818 F.2d at 433–34.

After carefully reviewing Tri–State's voluminous summary judgment evidence, we find that Tri–State has failed to establish as a matter of law that people other than the immediate participants in the controversy were likely to feel the impact of its resolution. Thus, Tri–State has failed to meet the first prong of the test articulated in *Trotter* and we are unable to find that it has conclusively established that Meca and Mashburn were public figures. Because Tri–State failed to establish as a matter of law that Meca and Mashburn were public figures, we need not address whether Meca and Mashburn produced evidence of actual malice. Tri–State's second point of error is overruled.

In its third point of error, Tri–State complains that the trial court should have granted summary judgment because the broadcasts commented on matters of public concern and no evidence of actual malice was produced. A matter of public concern, in the context of a defamation action, is not simply a matter of interest to the public. The public controversy must be a real dispute, the outcome of which affects the general public or some segment of it in an appreciable way. *Clyburn v. News World Communications, Inc.,* 903 F.2d 29, 32 (D.C.Cir.1990); *Waldbaum v. Fairchild Publications Inc.,* 627 F.2d 1287, 1296 (D.C.Cir.1980). Private concerns do not become public controversies because they attract attention. *Time, Inc. v. Firestone,* 424 U.S. 448, 454–55, 96 S.Ct. 958, 965–66, 47 L.Ed.2d 154 (1976). Rather, a public controversy is a dispute that in fact has received public attention because its ramifications will be felt by persons who are not direct participants. *Clyburn,* 903 F.2d at 32; *Waldbaum,* 627 F.2d at 1296. *See Einhorn v. LaChance,* 823 S.W.2d 405, 412 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

Tri–State's strongest argument is their contention that El Paso's location in the foothills of the Franklin Mountains creates general public interest in the rights and responsibilities of adjacent uphill property owners. Tri–State supports this argument by citing to the numerous publications by other media entities concerning the collapse of the wall at Mashburn's residence. Tri–State fails to demonstrate, however, that a public controversy surrounding the rights and responsibilities of adjacent uphill property owners existed either prior to or after the collapse of Meca and Mashburn's wall. Tri–State merely establishes that the collapse of the wall was a newsworthy event. It has failed to produce sufficient evidence to conclusively establish that it's statements concerned matters of public concern. Tri–State has not established as a matter of law that the ramifications of the resolution of the controversy concerning whether Meca and Mashburn had acquired the proper building permits would be felt by the general public or some seg-

---

**2.** The Fifth Circuit Court of Appeals commented in *Trotter* that defining a public figure was like "trying to nail a jellyfish to the wall." *Trotter,* 818 F.2d at 433.

ment of it in an appreciable way. *See Wald-baum*, 627 F.2d at 1296; *Einhorn*, 823 S.W.2d at 412. Because Tri–State has failed to conclusively establish that the alleged defamatory statements addressed matters of public concern, we need not address Tri–State's assertion that Meca and Mashburn have failed to produce evidence of actual malice. Thus, we overrule Tri–State's third point of error.

Having overruled all of Tri–State's points of error and having dismissed Meca and Mashburn's cross-appeal, we affirm the order of the trial court denying summary judgment.