# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00494-CV

**Appellant, Gilbert Franco// Cross-Appellant, Guillermo Ochoa Cronfel, Appellant**

**v.**

**Appellee, Guillermo Ochoa Cronfel// Cross-Appellee, Gilbert Franco, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-08-003295, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

Gilbert Franco posted a review of legal services provided by Guillermo Ochoa-Cronfel on the website www.RipoffReport.com ("Ripoff Report"). Ochoa-Cronfel sued Franco for defamation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (West 2005). Franco filed several motions for summary judgment. The trial court granted Franco's partial motion asserting that Ochoa-Cronfel was a public official as a matter of law and denied Franco's no-evidence and traditional motions asserting that Ochoa-Cronfel had failed to raise a fact issue on the element of actual malice. Franco now appeals the trial court's denial of his no-evidence and traditional motions, arguing in two issues on appeal that (1) Ochoa-Cronfel did not raise a fact issue with regard to the element of actual malice and (2) the trial court should not have considered Ochoa-Cronfel's affidavit. On cross-appeal, Ochoa-Cronfel challenges the granting of Franco's partial motion, arguing that the trial court erred in its determination that Ochoa-Cronfel qualified as a public official. We affirm the

trial court's order denying Franco's no-evidence and traditional motions for summary judgment and dismiss Ochoa-Cronfel's cross-appeal for want of jurisdiction.

## BACKGROUND

Franco filed a creditor-debtor action to recover proceeds from the sale of his printing business.[1] In July 2007, the court hearing the action appointed Ochoa-Cronfel to serve as receiver, authorizing him to take possession of and sell the non-exempt assets of the defendants to the action. *See* Tex. Civ. Prac. & Rem. Code § 31.002(b)(3) (West 2008) (appointment of receiver). Ochoa-Cronfel's appointment was altered in August 2007 to give him additional powers, including authorization to liquidate assets in satisfaction of the judgment and take over the subject business and operate it with a view toward disposing of it as a going concern.

Five months later, in December 2007, Ochoa-Cronfel filed a motion to withdraw as receiver. In February 2008, the trial court entered an agreed order discharging Ochoa-Cronfel as receiver. The agreed order, signed by the attorney representing Franco at the time, states "that all actions taken by the Receiver Guillermo Ochoa-Cronfel during the pendency of the receivership are APPROVED IN ALL RESPECTS."

On June 23, 2008, roughly four months after Ochoa-Cronfel's agreed discharge as receiver, Franco published a review of Ochoa-Cronfel on the Ripoff Report website.[2] The review was entitled, "Report: The Cronfel Firm Guillermo Ochoa-Cronfel" and subtitled "Don't let this firm

---

[1] The facts recited herein are from the evidence presented by the parties in their motions for summary judgment.

[2] Franco does not dispute that he made the posting.

2

be a receiver for your property—More interested in depleting your assets for his own financial gain."

The review, posted under Franco's first name, "Gilbert," read:

> This attorney was assigned to be a receiver for some assets that I needed to recover. He totally screwed up the whole deal. He allowed the defendants in the case to steal money and property. He lied on court documents as far as time he spent on the case. He falsified and mislead [sic] the court with financial statements and other information to the court. He made deflamatory [sic] remarks before the court about me—which were blatent [sic] lies.
>
> He threatened me with extortion to get almost $20,000 from me when the court orders state that the receivers [sic] fees are a taxation against the defendants, not the plaintiff. He would not liquidate my property to me, unless I paid him money—a direct contriction [sic] to the court order.
>
> He is now trying to extort more money from me or he will use his legal power to cause me more fiancial [sic] harm. This is a bad attorney in its worst form. He personally has cause [sic] me almost $500,000 in damages.

Franco signed the review, "Victim of Extortion and Fraud, Austin, Texas, U.S.A."

Ochoa-Cronfel discovered the review roughly one month after its posting. He found the review after querying his name in the search-engine Google, after which Franco's review came up as one of the first results.[3] After being informed that Ochoa-Cronfel had discovered the review, Franco attempted to remove it from Ripoff Report. By Ripoff Report's terms, however, users cannot remove content they have posted.[4] Franco then modified his review. He added a comment stating,

---

[3] According to a computer screen-shot provided by Ochoa-Cronfel, Franco's posting is the third result listed following a search for "guillermo ochoa cronfel" on Google.

[4] The Terms of Service for Ripoff Report, as posted on the website, read, "By posting information on [Ripoff Report], you understand and agree that the material will not be removed even at your request. You shall remain solely responsible for the content of your postings on [Ripoff Report]." Accordingly, Franco's review has been listed on Ripoff Report since Franco originally posted it on June 23, 2008.

"This is just my opinion and should be treated as so." He added another comment explaining that he was not an attorney and posted dictionary definitions for "extortion," "fraud," and "malfeasance." He also changed the name on the review, from "Gilbert" to "Anonymous."

Several days after altering the review, Franco spoke over the phone with Darrell Gest, Ochoa-Cronfel's attorney at the time. Before the conversation, Franco prepared a list of talking points, including, "Do you have proof that I am the one that published statements about Cronfel?" His talking points also included the statements, "It appears that anybody can make a report about anybody with much ease. Would you believe everything that was written [on Ripoff Report?]"

During the phone call with Gest, Franco denied posting the review on Ripoff Report. He speculated about who might have written the review, indicating that he had attempted to determine who had posted it but had not received any response to his inquiries.

Ochoa-Cronfel sued Franco for defamation. In the affidavit and deposition testimony submitted during pretrial proceedings, Franco admitted that he had posted the review of Ochoa-Cronfel on Ripoff Report. He explained that he had lied to Gest about the posting so as not to "incriminate" himself. He also stated that he had attempted to remove the posting and altered it because the statements in the review were "not proven facts yet."

Franco, however, also stated in his affidavit that the statements he made in the review were truthful: "At the time of the posting of the statements, I knew of no statement that was false and I had no serious doubts as to the truth of any statement I made." In support of this assertion, he detailed deficiencies in Ochoa-Cronfel's performance that had led him to post the review. Franco stated that Ochoa-Cronfel misled the court by providing inaccurate billing statements and alleging

4

that he had to "chase [Franco] down for money." Franco also stated that Ochoa-Cronfel improperly sought fees from him personally, when instead all fees should have been paid from the assets of the debtors.[5] In addition, Franco claimed that Ochoa-Cronfel failed to fulfill several of his receivership duties, including safeguarding funds, pursuing insurance claims, and providing monthly reports.

Ochoa-Cronfel disputes each of Franco's assertions. In his own affidavits, Ochoa-Cronfel contended that he never misled the court, and that the billing statements he provided and the representations he made about Franco were accurate. Ochoa-Cronfel further stated that, as agreed to by Franco, all fees came from recovered assets, and that he never attempted to coerce Franco into personally paying any fees. Finally, Ochoa-Cronfel stated that he had fulfilled all of his duties as receiver through the time of his agreed discharge in February 2008. In support of this contention, he pointed to the agreed order, signed by Franco's counsel, which reflects that Ochoa-Cronfel's actions as receiver had been approved in all respects.

Franco filed several summary judgment motions. He filed a partial motion arguing that Ochoa-Cronfel was a public official as a matter of law and consequently must prove actual malice, which the trial court granted. Franco then filed no-evidence and traditional motions arguing that Ochoa-Cronfel had not raised a fact issue regarding actual malice, which the trial court denied. Franco now appeals the trial court's denial of his no-evidence and traditional motions, while Ochoa-Cronfel cross-appeals on the trial court's granting of Franco's partial motion.

---

[5] In his phone conversation with Gest, Franco indicated that he planned to file a complaint about Ochoa-Cronfel with the State Bar of Texas. Franco, however, did not file a complaint, and admitted in his deposition that he no longer has any plans to do so.

## STANDARD OF REVIEW

Defamation cases are reviewed under the same summary-judgment standards as other cases even though constitutional considerations are involved. *See Casso v. Brand*, 776 S.W.2d 551, 556-57 (Tex. 1989) (rejecting higher standard used by federal courts in defamation cases). We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007). Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

When a party seeks both a traditional and a no-evidence summary judgment, we first review the trial court's decision regarding summary judgment under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i). If the non-movant failed to produce more than a scintilla of evidence raising a genuine issue of fact on the challenged elements of his claim, there is no need to analyze whether the movant met his burden on his motion for traditional summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims on which the non-movant would have the burden of proof at trial. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). If the non-movant then produces more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment is improper. *Id.*; *Forbes, Inc. v. Granada Biosci., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists if the evidence would allow

6

reasonable and fair-minded people to differ in their conclusions. *Forbes*, 124 S.W.3d at 172.

Under the traditional summary-judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon*, 690 S.W.2d at 548. A defendant moving for a traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). After a defendant has done so, the burden then shifts to the plaintiff to produce evidence creating a fact issue on the element or defense in order to defeat the summary judgment. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

**DISCUSSION**

*Jurisdiction over Franco's Interlocutory Appeal*

Generally, the denial of a motion for summary judgment is an interlocutory order not reviewable on appeal. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980); *Cox Tex. Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 720 (Tex. App.—Austin 2001, pet. denied). However, "a person whose communication appears in or is published by the electronic or print media" who is sued for defamation may appeal an interlocutory order denying summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6) (West 2008), § 73.001; *Cox*, 59 S.W.3d at 717. As Franco's review was published by an electronic media outlet and he was subsequently sued for defamation based on the review, we have jurisdiction to consider his interlocutory appeal of the trial court's order denying his no-evidence and traditional motions for summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6).[6]

---

[6] The parties do not challenge our jurisdiction over Franco's interlocutory appeal.

### Consideration of Ochoa-Cronfel's Affidavit

We address Franco's second issue on appeal, which concerns what evidence the trial court was permitted to consider in entering its order on Franco's no-evidence and traditional motions, before turning to his first issue, which concerns the court's order itself. In Franco's second issue on appeal, he argues that the trial court should not have considered Ochoa-Cronfel's July 23, 2009 affidavit in ruling on the summary judgment motion, as the affidavit contained only conclusory statements.[7] *See Prime Prods., Inc. v. SSI Plastics*, 97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Affidavits supporting or opposing a motion for summary judgment must be factual; conclusions of the affiant are not considered to have any probative value."). Ochoa-Cronfel's affidavit, however, contains numerous facts of which Ochoa-Cronfel presumably had personal knowledge, including details of the actions he took as receiver and estimates of losses owing to Franco's review. Accordingly, Ochoa-Cronfel's affidavit constitutes competent summary judgment evidence. Franco's second issue on appeal is overruled.[8]

### Summary Judgment on the Element of Actual Malice

We turn to Franco's first issue on appeal. Franco argues that the trial court should have granted his no-evidence and traditional motions for summary judgment because Ochoa-Cronfel did not raise a fact issue regarding actual malice. To recover for defamation, a public official must

---

[7] We note that two affidavits by Ochoa-Cronfel are included in the record, one dated June 30, 2009, and the other dated July 23, 2009. Franco describes the affidavit in issue as "responding to each paragraph of Mr. Franco's affidavit," a description that comports with the July 23rd affidavit.

[8] As our analysis below demonstrates, Ochoa-Cronfel's affidavit is not necessary to controvert Franco's summary-judgment evidence due to the presence of other controverting evidence in the record.

prove that the defendant published a false and defamatory statement with actual malice. *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000).[9]

"Actual malice" in the defamation context is a term of art. *Id.* Unlike common-law malice, it does not include ill will, spite, or evil motive. *Id.* Rather, to establish actual malice, a plaintiff must prove that the defendant made the statement "with knowledge that it was false or with reckless disregard of whether it was true or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Huckabee*, 19 S.W.3d at 420. "Reckless disregard" is also a term of art. *Huckabee*, 19 S.W.3d at 420. To establish reckless disregard, a public official or public figure must prove that the publisher "entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Huckabee*, 19 S.W.3d at 420.

*No-Evidence Motion for Summary Judgment*

Franco first argues that summary judgment should be granted because Ochoa-Cronfel presented no evidence of actual malice. As the actual malice inquiry focuses on the defendant's state of mind at the time of publication, direct evidence that the defendant knew the statements to be false will rarely be available to the plaintiff. *See Bentley v. Bunton*, 94 S.W.3d 561, 597 (Tex. 2002) (noting that plaintiff need not produce "smoking gun" proving knowledge of falsity). Instead, a

---

[9] As noted above, Ochoa-Cronfel's cross-appeal seeks to challenge the trial court's determination that he qualified as a public official when he held the position of court-appointed receiver. As we conclude *infra* that we do not have jurisdiction over Ochoa-Cronfel's cross-appeal, we do not address the issue here, and assume for purposes of this analysis that Ochoa-Cronfel must meet the increased burden given to public-official plaintiffs in defamation actions. *See Bentley v. Bunton*, 94 S.W.3d 561, 590 (Tex. 2002) (explaining that defamation plaintiff who is public official must prove additional element of actual malice). Our analysis, however, should not be read as a commentary on whether the trial court properly determined that Ochoa-Cronfel qualified as a public official, nor should it be deemed to preclude any challenge of the issue on direct appeal.

plaintiff may—and often must—use circumstantial evidence to show that the defendant acted with reckless disregard and "entertained serious doubts as to the truth of his publication." *See id.* at 591; *see also St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Circumstantial evidence showing reckless disregard may derive from the "defendant's words or acts before, at, or after the time of the communication." *Clark v. Jenkins*, 248 S.W.3d 418, 435 (Tex. App.—Amarillo 2008, no pet.). In this case, Ochoa-Cronfel presented evidence that Franco attempted to remove the review after its discovery. When he was unable to do so, Franco added disclaimers that the review reflected only his opinions, admitting during his deposition that his statements did not constitute "proven facts." Franco also lied about having made the posting to Gest, Ochoa-Cronfel's then-attorney, indicating that he did not want to "incriminate" himself. These actions and statements following the discovery of the review support the contention that Franco "entertained serious doubts about the truth of his publication," and consequently acted with actual malice.

In addition, selectively omitting facts in order to create a false impression may constitute evidence of actual malice. *Huckabee*, 19 S.W.3d at 425-26; *Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 578 (Tex. App.—Austin 2007, pet. denied). Franco's review, while it claims that Ochoa-Cronfel "screwed up the whole deal," omits the fact that the trial court approved all of the actions taken by Ochoa-Cronfel in his capacity as receiver, in an order agreed to by Franco's counsel at the time. Accordingly, the evidence suggests that Franco omitted facts to create a false impression.

This evidence constitutes more than a scintilla that Franco acted with actual malice in making the posting, thereby rendering no-evidence summary judgment inappropriate.

10

Accordingly, we turn from Franco's no-evidence motion to his traditional motion.

*Traditional Motion for Summary Judgment*

In his traditional motion, Franco argues that Ochoa-Cronfel failed to raise a fact issue on the element of actual malice. A defendant in a defamation action seeking to negate the element of actual malice must present evidence that he or she did not publish the statement with knowledge of its falsity or reckless disregard for its truth. *Huckabee*, 19 S.W.3d at 420. Once the defendant has produced evidence negating actual malice as a matter of law, the burden shifts to the plaintiff to present controverting proof raising a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(c); *Huckabee*, 19 S.W.3d at 420.

In attempting to negate the element of actual malice and shift the burden to Ochoa-Cronfel, Franco relies on his affidavit and deposition testimony. While the affidavit or deposition of the defendant in a defamation case may be used to negate actual malice, the affidavit or deposition must comply with the rules of civil procedure governing evidence from interested witnesses. *See* *Casso*, 776 S.W.2d at 558-59. Under the rules of civil procedure, an affidavit from an interested witness will only support a motion for summary judgment if it is (1) clear, positive, and direct; (2) otherwise credible and free from contradictions and inconsistencies; and (3) susceptible of being readily controverted. Tex. R. Civ. P. 166a(c); *Huckabee*, 19 S.W.3d at 424.

Franco argues that his affidavit and deposition meet the requirements of rule 166a(c) as they are "clear, positive, and direct." However, according to the rule, the evidence must also be "credible and free from contradictions and inconsistencies." *Id.* When there is "evidence tending to discredit or impeach" depositions or affidavits, the testimony "cannot be considered as doing more

11

than raising an issue of fact." *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

In this case, the assertions in Franco's affidavit that he "knew of no statement that was false" and "had no serious doubts as to the truth of any statement I made" are undermined by evidence in the record. Specifically, evidence showing that Franco attempted to remove the posting, amended the posting, and lied about having made the posting discredits his affidavit.

Franco's deposition faces similar problems. Not only is Franco's deposition testimony undermined by the same evidence that undermines his affidavit, but Franco's deposition also contains statements that, on their own, discredit his testimony. As noted above, Franco states in his deposition that he lied about having made the posting so as not to "incriminate" himself. Franco also admits that the statements he made about Ochoa-Cronfel were not "proven facts," a concession that evinces doubt about the veracity of the statements.

As the record contains evidence to impeach or discredit Franco's testimony, we conclude that his affidavit and deposition fail to meet the requirements of the rules of civil procedure regarding interested-witness testimony. *See* Tex. R. Civ. P. 166a(c). Accordingly, as Franco's summary-judgment evidence does not negate any element of Ochoa-Cronfel's defamation claim, the burden does not shift to Ochoa-Cronfel to demonstrate that a fact issue exists.

We note that even if the burden shifted to Ochoa-Cronfel to controvert Franco's affidavit and deposition testimony, the same evidence that undermines the credibility of Franco's testimony also provides adequate controverting proof of Franco's assertions. Specifically, the facts that Franco attempted to remove the posting, revised the posting, and lied about having made the

12

posting provides circumstantial evidence of actual malice. *See Clark*, 248 S.W.3d at 435 (explaining that "defendant's words or acts before, at, or after the time of the communication" may prove actual malice). This evidence is sufficient to controvert Franco's affidavit and deposition testimony and to raise a fact issue regarding whether Franco had "significant doubt about the truth of his statements at the time they [were] made." *Bentley*, 94 S.W.3d at 596.

Our analysis leads us to conclude that summary judgment is improper on the element of actual malice. Franco's first issue on appeal is overruled.

### *Attorney's Fees*

Under the civil practice and remedies code, "[i]n the case of an appeal brought pursuant to Section 51.014(6), if the order appealed from is affirmed, the court of appeals shall order the appellant to pay all costs and reasonable attorney fees of the appeal."[10] Tex. Civ. Prac. & Rem. Code § 51.015 (West 2008); *Gaylord Broad. Co. v. Francis*, 7 S.W.3d 279, 286 (Tex. App.—Dallas 1999, pet. denied). As we overrule both of Franco's issues on appeal and thereby affirm the order of the trial court, we order Franco to pay all costs and reasonable attorney's fees of the appeal in an amount to be determined by the trial court.

### *Jurisdiction over Ochoa-Cronfel's Cross-Appeal*

Ochoa-Cronfel's cross-appeal challenges the trial court's order granting Franco's motion for partial summary judgment and determining that Ochoa-Cronfel qualified as a public

---

[10] While Ochoa-Cronfel did not specifically request attorney's fees, we note that the terms of the statute are "mandatory." *Gaylord Broad. Co. v. Francis*, 7 S.W.3d 279, 286 (Tex. App.—Dallas 1999, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.015 (West 2008).

official.  Franco filed a motion to dismiss Ochoa-Cronfel's cross-appeal for want of jurisdiction.

The civil practice and remedies code authorizes an interlocutory appeal of the denial of a media defendant's motion for summary judgment.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6).  Texas courts have consistently recognized, however, that the statute does not permit the plaintiff to bring a similar interlocutory appeal, nor does it confer jurisdiction over cross-points raised on appeal by the plaintiff.  *See TSM AM-FM TV v. Meca Homes, Inc.*, 969 S.W.2d 448, 451 (Tex. App.—El Paso 1998, pet. denied) (holding that appellate court lacked jurisdiction to consider plaintiff's cross-point challenging denial of plaintiff's summary-judgment motion); *see also Rogers v. Cassidy*, 946 S.W.2d 439, 443 (Tex. App.—Corpus Christi 1997, no writ) (holding that court cannot address plaintiff's summary judgment motion on interlocutory appeal even when addressing defendant's competing motion).  Under the language of the code and the cases interpreting it, we do not have jurisdiction to consider Ochoa-Cronfel's cross-point.

Ochoa-Cronfel argues that this Court may consider its cross-point "in the interest of judicial economy."  *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex. 1996); *Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 428-29 (Tex. App.—Waco 1997, writ denied) (applying *Cincinnati Life* to interlocutory appeal taken under section 51.014(6)).  *Cincinnati Life* and *Delta* instruct that when an appellate court has jurisdiction to consider any issue raised in a summary judgment order, "the appellate court should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal."  *Cincinnati Life*, 927 S.W.2d at 627.  In addition, "the appellate court may consider other grounds that the movant preserved for appellate review and [the] trial court did not rule on in the

14

interest of judicial economy." *Id.*

These cases are inapposite to Ochoa-Cronfel's cross-appeal. *Cincinnati Life* and *Delta* delineate which issues the appellate court may address when it has the jurisdiction to address at least one of the issues raised in the trial court's order on the movant's summary judgment motion. *See Cincinnati Life*, 927 S.W.2d at 627; *Delta*, 949 S.W.2d at 428-29. These cases do not, however, extend the appellate court's reach to enable it to address separate summary judgment orders over which the court does not otherwise have jurisdiction. As we have no jurisdiction to consider any issues in the order disposing of Ochoa-Cronfel's summary judgment motion, *Cincinnati Life* and *Delta* do not apply.

Accordingly, we grant Franco's motion to dismiss Ochoa-Cronfel's cross-appeal for want of jurisdiction.[11]

## CONCLUSION

Because we find no reversible error, we affirm the judgment of the trial court denying Franco's no-evidence and traditional motions for summary judgment and order Franco to pay all costs and reasonable attorney's fees of the appeal in an amount to be determined by the trial court. We further dismiss Ochoa-Cronfel's cross-appeal for want of jurisdiction.

---

[11] In addition to granting Franco's motion to dismiss Ochoa-Cronfel's cross-appeal, we also grant Franco's motion for leave to file a supplemental post-submission letter brief, filed January 29, 2010.

15

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed in part; Dismissed in part

Filed:   March 12, 2010

16